IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SONOMA COUNTY FIRE CHIEF'S APPLICATION FOR AN INSPECTION WARRANT RE: SONOMA COUNTY'S ASSESSOR'S PARCEL NUMBER 131-040-001 OR 3250 HIGHWAY 128, GEYSERVILLE _____/ | No. C 02-04873 JSW  **ORDER GRANTING TRIBE'S MOTION FOR SUMMARY JUDGMENT** |

Now before the Court is the motion of the Dry Creek Rancheria Band of Pomo Indians ("Tribe") for summary judgment. Having carefully read the parties' papers and considered the arguments and the relevant legal authority, and having the benefit of oral argument on April 22, 2005, the Court hereby GRANTS the Tribe's motion for summary judgment

The prior rulings in this matter have significantly narrowed the issues remaining in this case. The only remaining question is whether the Court should permit the County to assert jurisdiction over the on-reservation activities of tribal members because of the existence of sufficient "exceptional circumstances" to warrant the assertion. *See California v. Cabazon Band,* 480 U.S. 202, 214-15 (1987) (quoting *New Mexico v. Mescalero Apache Tribe,* 462 U.S.

324, 331-32 (1983)).

## ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id*. at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     Exceptional Circumstances Test.**

Local and state laws do not generally apply to Indian tribal governments on their reservation. "[I]n demarcating the respective spheres of State and tribal authority over Indian reservations, we have continued to stress that 'Indian tribes are unique aggregations possessing attributes of sovereignty over ... their territory. Because of their sovereign status, tribes and their reservation lands are insulated in some respects by an historic immunity from state and local control, and tribes retain any aspect of their historical sovereignty not inconsistent with the overriding interests of the National Government.'" *New Mexico v. Mescalero Apache Tribe*, 462 U.S. 324, 332 (1983).

Only in "exceptional circumstances" may a State assert jurisdiction over the on-reservation activities of tribal members notwithstanding the lack of express congressional intent to do so. *Cabazon*, 480 U.S. at 214-15. The asserted exceptional circumstances are weighed against traditional notions of Indian sovereignty and the congressional goal of encouraging tribal self-determination, self-sufficiency, and economic development. *Id.* at 216. The burden is on the County to explain why the interests it seeks to protect are exceptional, in order to overcome the overwhelming interests of the Tribe. *See, e.g., Gobin v. Snohomish County*, 304 F.3d 909, 918 (9th Cir. 2002).

The County of Sonoma contends that exceptional circumstances exist because of health and safety concerns. Specifically, the County argues that because the casino is a large commercial business catering to non-tribal members, lacks its own fire department and relies on the Geyserville Fire Department in case of fire emergency, exceptional circumstances exist sufficient to overcome Indian sovereignty. However, the court in *Gobin* determined at summary judgment that the County's interests, which included but were not limited to local public health and safety concerns, were insufficient to outweigh the Tribe's sovereign interests.

In *Gobin*, the tribe's zoning ordinance established land use regulations throughout the reservation that differed from the county's regulations. The tribe sought a declaration that the county lacked land use jurisdiction over the reservation land and could not impose County zoning, subdivision and building code regulations on the individual tribe member's proposed

development. *Id.* at 912. The County argued that "exceptional circumstances" existed that warranted the County's jurisdiction over the reservation land. The County argued a broad array of interests, "including protecting endangered species, regulating County-maintained roads and storm sewers, providing a continuum of land use enforcement for all fee lands, and complying with applicable health and safety codes, to counterbalance the Tribe's strong interests in self-determination." *Id.* at 917. The Ninth Circuit held that the mere existence of the County's interests in assuring the health and safety of County citizens, in addition to the other circumstances present in land use regulation, was "an important interest, but an unexceptional one." *Id.* at 918. The Court found that even adding into the calculus the other interests of the County, "they do not outweigh the Tribes's interest in self-determination." *Id.*

In this matter, the County's sole contention is that the imposition of its health and safety regulations is at stake. The enumerated list of concerns relate only to the County's enforcement of its health and safety codes. Without more, those circumstances are insufficient as a matter of law to overcome the high burden of Indian sovereignty, tribal self-determination, self-sufficiency, and economic development. *See id.* Thus, no "exceptional circumstances" exist to warrant an exception to the general preclusion of the County from jurisdiction to enforce its health and safety regulations.

## CONCLUSION

For the reasons stated herein, the Tribe's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: April 29, 2005

    /s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE